**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**
**CASE NO. 2:26-CV-00004**

**ALAIN VIZCAY OSORIO** **PLAINTIFF**
717 Eisenhower Road
Lexington, Nebraska 68850

**v.**

**RYAN KILMER** **DEFENDANT**
8100 Ewing Boulevard
Florence, Kentucky 41042

**SERVE VIA CERTIFIED MAIL:**
Detective Ryan Kilmer
8100 Ewing Boulevard
Florence, Kentucky 41042

---

**PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND**

---

Comes now the Plaintiff, Alain Vizcay Osorio, by and through counsel, and, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, hereby states as follows for his Second Amended Complaint against Defendant, Detective Ryan Kilmer:

**PRELIMINARY STATEMENT**

1. This is a civil rights action seeking damages to redress a violation of Alain Vizcay Osorio's right to be free from unlawful seizure and imprisonment as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

2. As is alleged below, Defendant, Detective Ryan Kilmer, charged Plaintiff with an offense he knew to be false and/or for which he lacked probable cause, and further, he arrested and

caused Plaintiff to be imprisoned on a charge he knew to be false and/or for which he lacked probable cause, obtaining a warranting for such arrest through material omissions and misrepresentations of the facts.

## THE PARTIES

3. Plaintiff, Alain Vizcay Osorio, is a resident of Nebraska and permanent resident of the United States. Plaintiff's principal residence is located at 717 Eisenhower Road, Lexington, Nebraska 68850.

4. Defendant, Detective Ryan Kilmer, is a Kentucky resident who, at all times relevant hereto, was employed and acting within the scope of his duties as a Detective of the Florence Police Department ("FPD" herein) and under the color of Kentucky law.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. 1331, this Court may exercise subject-matter jurisdiction over Plaintiff's 42 U.S.C. 1983 claims and, pursuant to 28 U.S.C. 1367(a), may exercise subject-matter jurisdiction over Plaintiff's state law claims, as those claims all derive from a common nucleus of operative fact.

6. Pursuant to 28 U.S.C. 1391(b)(2), the Eastern District of Kentucky at Covington is the proper venue for this action as a substantial part of the events or omissions giving rise to the claim occurred in Boone County, Kentucky, which is within this judicial district.

## STATEMENT OF FACTS

7. Plaintiff incorporates by reference each of the foregoing allegations as if fully restated herein.

8. On or about September 4, 2024, FPD received a call regarding potential check fraud that occurred at the Heritage Bank located at 7434 U.S. 42 in Florence, Kentucky.

9. FPD responded to the call and took statements from the employees at Heritage Bank.

10. Security camera footage revealed that on August 30, 2024, a black male, identifying himself as Ernesto Ramirez, attempted to cash a check in the amount of $6,200.00.

11. The fraudulent check was purported to be written on the account of "Behle Street By Sheli, LLC."

12. In attempting to cash the check, the black male handed his identification, a Texas operator's license, to one of the bank tellers.

13. As can be heard on the Bank's security camera footage, the black male was unable to provide a Social Security number.

14. According to the teller, the operator's license felt "flimsy" and appeared to be fake.

15. Ultimately, the teller did not cash the check and the black male left without receiving any funds.

16. On or before September 10, 2024, Detective Kilmer ran a search on the Texas operator's license provided to the teller by the black male.

17. After conducting the search, Detective Kilmer determined that the Texas operator's license was not legitimate.

18. Detective Kilmer, in addition to the charge related to the fraudulent check, added a charge for Possession of a Forged Instrument in the First Degree relative to the forged operator's license.

19. In the course of his investigation, Detective Kilmer obtained security camera footage from Heritage Bank pertaining to the incident on August 30, 2024.

20. Detective Kilmer used the security camera footage to obtain screenshots of the black male suspect's face.

21. In an attempt to identify the suspect, Detective Kilmer allegedly used "investigative tools" to compare the screenshots from the footage with other booking photos.

22. Detective Kilmer exclusively relied on these alleged "investigative tools" in identifying the suspect and making the arrest.

23. Upon information and belief, the "investigative tools" referenced and relied upon by Detective Kilmer consisted solely of artificial intelligence ("AI" herein) facial recognition technology. (Redacted KSPIB Investigative and Operational Lead Report attached as Exhibit "A").

24. Using AI facial recognition technology on the screenshots from the Bank's security camera footage, Detective Kilmer located a booking photo and Facebook profile that he believed was a match.

25. Detective Kilmer compared the photos and concluded the subjects matched.

26. Pursuant to Florence Police Department Policy, the use of AI facial recognition is an investigative tool only and cannot establish adequate identification on its own, cannot establish probable cause, and cannot justify charging a person with a crime. (Florence Police Department Facial Recognition Usage Policy attached as Exhibit "B").

27. Pursuant to Florence Police Department Policy, AI facial recognition technology can only provide "lead information."

28. The Florence Police Department Policy is subject to the model policy on facial recognition technology promulgated under KRS 61.9305.

29. Relying exclusively on this AI identification, Detective Kilmer determined that the person he identified in the booking photo and Facebook profile was the same person visible in the Bank's security camera footage.

30. Relying exclusively on this AI identification, Detective Kilmer determined that the person who displayed the forged operator's license and attempted to cash the fraudulent check at Heritage Bank was Yony Smith Npoles Charon.

31. Detective Kilmer further determined, albeit erroneously, and with intentional and/or reckless disregard for the truth, that Yony Smith Npoles Charon was also known as Alain Vizcay Osorio, who is the Plaintiff herein.

32. Detective Kilmer provided no basis for this belief.

33. It is still not clear how or why Detective Kilmer concluded Yony Smith Npoles Charon and Alain Vizcay Osorio to be the same person.

34. Yony Smith Npoles Charon and Alain Vizcay Osorio look nothing alike and are clearly two different individuals.

35. Yet, Detective Kilmer filed a criminal complaint against Alain Vizcay Osorio, upon nothing more than his false identification premised exclusively on his use of AI facial recognition technology. (Redacted Criminal Complaint attached as Exhibit "C").

36. Despite his identification of Yony Smith Npoles Charon, Detective Kilmer did not file a criminal complain against Yony Smith Npoles Charon, nor did Detective Kilmer petition for an arrest warrant for Yony Smith Npoles Charon.

37. Detective Kilmer petitioned for an arrest warrant for Alain Vizcay Osorio without probable cause to believe that Alain Vizcay Osorio was guilty of this crime.

38. Detective Kilmer petitioned for an arrest warrant for Alain Vizcay Osorio based on maliciously false and prejudicial conclusions derived exclusively from the use of AI facial recognition technology, which under Kentucky law and Florence Police Department policy, cannot serve as the basis for probable cause.

39. Detective Kilmer petitioned for an arrest warrant for Alain Vizcay Osorio with an intentional and/or reckless disregard for the truth.

40. Detective Kilmer petitioned for an arrest warrant for Alain Vizcay Osorio with an intentional and/or reckless disregard for Alain Vizcay Osorio's clearly established Fourth Amendment rights.

41. Detective Kilmer, with intent and/or a reckless disregard for the truth, made material omissions and/or misrepresentations to the Boone County District Court in petitioning for an arrest warrant.

42. Detective Kilmer, with intent and/or a reckless disregard for the truth, omitted from his Affidavit that his sole basis for identifying Alain Vizcay Osorio was AI facial recognition technology, information that was material to the Boone District Court's finding of probable cause.

43. Detective Kilmer, with intent and/or a reckless disregard for the truth, misrepresented to the Boone County District Court that Yony Smith Npoles Charon and Alain Vizcay Osorio were the same person.

44. This material misrepresentation, which Detective Kilmer made intentionally and/or with reckless disregard for the truth, was the "but-for" cause of the Boone County District Court's issuance of the arrest warrant for Alain Vizcay Osorio.

45. Detective Kilmer's request for an arrest warrant was granted based on the foregoing omission and misrepresentation. (Redacted Arrest Warrant attached as Exhibit "D").

46. That warrant was entered into databases that could be accessed by law enforcement officers across the United States.

47. That warrant was listed as "extraditable."

48. As a direct and proximate cause of Detective Kilmer's arrest warrant, Alain Vizcay Osorio was arrested in Florida on January 9, 2025.

49. Following his arrest and upon said arrest warrant, Alain Vizcay Osorio was extradited to Boone County, Kentucky.

50. The Boone County District Court arraigned Alain Vizcay Osorio on January 23, 2025. He had been incarcerated since his arrest on January 9, 2025.

51. Alain Vizcay Osorio entered a plea of not guilty to all charges.

52. The Court scheduled a preliminary hearing for January 24, 2025, but the preliminary hearing was waived.

53. Alain Vizcay Osorio was released from incarceration on bond on or about January 24, 2025.

54. On or about March 18, 2025, Alain Vizcay Osorio was indicted on two (2) counts by the Boone County Grand Jury: Criminal Possession of a Forged Instrument in the First Degree, a Class "C" felony, and Criminal Possession of a Forged Instrument in the Second Degree, a Class "D" felony.

55. The Court scheduled the arraignment in the Boone Circuit Court for May 7, 2025.

56. At the arraignment, the Boone County Commonwealth Attorney's Office ("CWA" herein) dismissed the indictment against Alain Vizcay Osorio, with prejudice.

57. Yony Smith Npoles Charon and Alain Vizcay Osorio are not the same person.

58. Alain Vizcay Osorio, through counsel, showed CWA that on August 30, 2024, he

was in Nebraska working at Tyson Foods. Detective Kilmer made no effort, prior to issuing the arrest warrant, to determine Alain Vizcay Osorio's whereabouts at the time of the offense.

59. Alain Vizcay Osorio is innocent, and was innocent at all times relevant hereto, of all charges levied by Detective Kilmer.

60. During his investigation, Detective Kilmer failed to completely and adequately investigate or verify the identity of Alain Vizcay Osorio.

61. Detective Kilmer knew that Yony Smith Npoles Charon and Alain Vizcay Osorio were not the same person.

62. No reasonable person, let alone a reasonable, competent law officer, would have determined, thought, or otherwise concluded that Yony Smith Npoles Charon and Alain Vizcay Osorio were the same person.

63. Detective Kilmer further failed to make any investigation as to whether Alain Vizcay Osorio and Yony Smith Npoles Charon were the same person, failed to make competent comparisons of the photos, and failed to investigate whether Alain Vizcay Osorio was even in Kentucky at the time of the offense.

64. At no point did Detective Kilmer have probable cause to arrest or charge Alain Vizcay Osorio.

65. No reasonable law enforcement officer would have found probable cause to arrest or charge Alain Vizcay Osorio.

66. No competent law enforcement officer would have found probable cause to arrest or charge Alain Vizcay Osorio.

67. No reasonable or otherwise competent law enforcement officer would have made, with intent or a reckless disregard for the truth, material misrepresentations to a Judge in order to obtain a warrant in the absence of probable cause.

68. Detective Kilmer falsely believed, or believed in reckless disregard of the truth, that Yony Smith Npoles Charon and Alain Vizcay Osorio were the same person.

69. At no point did Detective Kilmer explain why he believed Yony Smith Npoles Charon and Alain Vizcay Osorio were the same person.

70. Had Detective Kilmer conducted a proper investigation, he would have determined and confirmed that Yony Smith Npoles Charon and Alain Vizcay Osorio were not the same person.

71. Had Detective Kilmer conducted a proper investigation, he would have realized that he was pursing criminal charges against an innocent person.

72. Detective Kilmer’s investigation was fundamentally flawed and violative of the United States Constitution.

73. Detective Kilmer’s investigation was violative of the United States Constitution based on his intentional and/or reckless disregard for the truth and for Alain Vizcay Osorio’s clearly established constitutional rights.

74. The extent of Detective Kilmer’s investigation was using AI facial recognition technology to compare images of two black males, who bore minimal resemblance to each other, and issuing an arrest warrant based on nothing more.

75. As a direct and proximate cause of Detective Kilmer’s conduct, Alain Vizcay Osorio suffered and continues to suffer severe emotional distress in the form of humiliation, embarrassment, depression, and recurring anxiety.

76. As a direct and proximate cause of Detective Kilmer's conduct, Alain Vizcay Osorio has incurred legal expenses, including attorney fees in excess of $4,000.00.

77. As a direct and proximate cause of Detective Kilmer's conduct, Alain Vizcay Osorio has suffered damages in the form of lost wages.

78. As a direct and proximate cause of Detective Kilmer's conduct, Alain Vizcay Osorio was incarcerated and deprived of his Liberty, despite his innocence and the absence of probable cause to charge and/or arrest him.

79. Alain Vizcay Osorio's right to be free from unreasonable searches and seizures, as clearly established by the Fourth and Fourteenth Amendments to the United States Constitution, was violated when these false charges were brought against him in the absence of probable cause.

80. Through his conduct, Detective Kilmer acted in willful, wanton, and reckless disregard of Alain Vizcay Osorio's rights under federal and state law.

81. Through his conduct, Detective Kilmer acted with an intentional disregard for the truth and for Alain Vizcay Osorio's constitutional rights.

**COUNT I: FALSE ARREST AND IMPRISONMENT (42 U.S.C 1983)**

82. Plaintiff incorporates by reference each of the foregoing allegations as if fully restated herein.

83. Alain Vizcay Osorio has a right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

84. Such right is clearly established by the U.S. Constitution and the precedent of the Supreme Court of the United States.

85. Detective Kilmer charged Alain Vizcay Osorio with a crime in the absence of probable cause.

86. Detective Kilmer made material misrepresentations and/or omissions to a Judge to obtain an arrest warrant for Alain Vizcay Osorio.

87. Detective Kilmer's misrepresentations to the Judge were made with intent a/or a reckless disregard for the truth and for Alain Vizcay Osorio's constitutional rights.

88. But for Detective Kilmer's intentional and/or reckless material misrepresentations, the Boone District Court would not have granted the arrest warrant for Alain Vizcay Osorio.

89. Based on those false charges, Alain Vizcay Osorio was arrested and incarcerated in the absence of probable cause.

90. Detective Kilmer's actions constituted an unreasonable seizure in violation of Alain Vizcay Osorio's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

91. Detective Kilmer's actions were undertaken under the color of Kentucky law.

92. As a direct and proximate cause of Detective Kilmer's actions, Alain Vizcay Osorio suffered injury and damages.

**COUNT II: MALICIOUS PROSECUTION (42 U.S.C. 1983)**

93. Plaintiff incorporates by reference each of the foregoing allegations as if fully restated herein.

94. Alain Vizcay Osorio has a right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

95. Such right is clearly established by the U.S. Constitution and the precedent of the Supreme Court of the United States.

96. Detective Kilmer charged Alain Vizcay Osorio with a crime in the absence of probable cause.

97. Detective Kilmer made material misrepresentations and/or omissions to a Judge to obtain an arrest warrant for Alain Vizcay Osorio.

98. Detective Kilmer's misrepresentations to the Judge were made with intent a/or a reckless disregard for the truth and for Alain Vizcay Osorio's constitutional rights.

99. But for Detective Kilmer's intentional and/or reckless material misrepresentations, the Boone District Court would not have granted the arrest warrant for Alain Vizcay Osorio.

100. Based on those false charges, Alain Vizcay Osorio was arrested and incarcerated in the absence of probable cause.

101. Detective Kilmer's actions in investigating and charging Alain Vizcay Osorio influenced the decision to prosecute Alain Vizcay Osorio.

102. As a direct and proximate cause of Detective Kilmer's actions, Alain Vizcay Osorio was incarcerated and deprived of his Liberty for sixteen (16) days on false charges that lacked probable cause.

103. The Commonwealth Attorney's Office for Boone County dismissed the indictment against Alain Vizcay Osorio on May 7, 2025.

104. The prosecution of Alain Vizcay Osorio in the absence of probable cause, as influenced by the actions of Detective Kilmer, constitutes malicious prosecution in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

105. As a direct and proximate cause of Detective Kilmer's actions and the resulting malicious prosecution, Alain Vizcay Osorio has suffered injury and damages.

**<u>COUNT III: FALSE ARREST AND IMPRISONMENT UNDER KENTUCKY LAW</u>**

106. Plaintiff incorporates by reference each of the foregoing allegations as if fully restated herein.

107. Alain Vizcay Osorio has a right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution and Section 10 of the Kentucky Constitution.

108. Detective Kilmer charged Alain Vizcay Osorio with a crime in the absence of probable cause.

109. Detective Kilmer made material misrepresentations and/or omissions to a Judge to obtain an arrest warrant for Alain Vizcay Osorio.

110. Detective Kilmer's misrepresentations to the Judge were made with intent a/or a reckless disregard for the truth and for Alain Vizcay Osorio's constitutional rights.

111. But for Detective Kilmer's intentional and/or reckless material misrepresentations, the Boone District Court would not have granted the arrest warrant for Alain Vizcay Osorio.

112. Based on those false charges, Alain Vizcay Osorio was arrested and incarcerated in the absence of probable cause.

113. Detective Kilmer's actions in charging and arresting Alain Vizcay Osorio in exclusive reliance on AI facial recognition technology constitutes a violation of Florence Police Department Policy.

114. As such, Detective Kilmer violated Alain Vizcay Osorio's constitutional rights in the performance of a ministerial act.

115. Detective Kilmer's actions constituted an unreasonable seizure in violation of Alain Vizcay Osorio's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Section 10 of the Kentucky Constitution.

116. As a direct and proximate cause of Detective Kilmer's actions, Alain Vizcay Osorio was charged with a crime, arrested, and incarcerated for a period of sixteen (16) days.

117. Defendant's conduct as described above constituted a tort of wrongful arrest in violation of Plaintiffs' rights as secured by the common law of the Commonwealth of Kentucky. Defendant's conduct was the direct and proximate cause of Plaintiff's injuries as described above, all to Plaintiff's damage in an amount to be determined by the evidence at trial

## COUNT IV: MALICIOUS PROSECUTION UNDER KENTUCKY LAW

118. Plaintiff incorporates by reference each of the foregoing allegations as if fully restated herein.

119. Alain Vizcay Osorio has a right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution and Section 10 of the Kentucky Constitution.

120. Detective Kilmer charged Alain Vizcay Osorio with a crime in the absence of probable cause.

121. Detective Kilmer made material misrepresentations and/or omissions to a Judge to obtain an arrest warrant for Alain Vizcay Osorio.

122. Detective Kilmer's misrepresentations to the Judge were made with intent a/or a reckless disregard for the truth and for Alain Vizcay Osorio's constitutional rights.

123. But for Detective Kilmer's intentional and/or reckless material misrepresentations, the Boone District Court would not have granted the arrest warrant for Alain Vizcay Osorio.

124. Based on those false charges, Alain Vizcay Osorio was arrested and incarcerated in the absence of probable cause.

125. Detective Kilmer's actions in charging and arresting Alain Vizcay Osorio in exclusive reliance on AI facial recognition technology constitutes a violation of Florence Police Department Policy.

126. As such, Detective Kilmer violated Alain Vizcay Osorio's constitutional rights in the performance of a ministerial act.

127. Detective Kilmer's actions in investigating and charging Alain Vizcay Osorio influenced the decision to prosecute Alain Vizcay Osorio.

128. Detective Kilmer's possessed malicious intent in influencing the decision to prosecute Alain Vizcay Osorio in the absence of probable cause.

129. As a direct and proximate cause of Detective Kilmer's actions, Alain Vizcay Osorio was incarcerated and deprived of his Liberty for sixteen (16) days on false charges that lacked probable cause.

130. The Commonwealth Attorney's Office for Boone County dismissed the indictment against Alain Vizcay Osorio on May 7, 2025.

131. The prosecution of Alain Vizcay Osorio in the absence of probable cause, as influenced by the actions of Detective Kilmer, constitutes malicious prosecution in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Section 10 of the Kentucky Constitution.

132. As a direct and proximate cause of Detective Kilmer's actions and the resulting malicious prosecution, Alain Vizcay Osorio has suffered injury and damages.

## COUNT V: ASSAULT

133. Plaintiff incorporates by reference each of the foregoing allegations as if fully restated herein.

134. Under Kentucky law, assault is an intentional tort that merely involves the threat of unwanted touching of the victim regardless of whether any touching occurred.

135. Detective Kilmer charged Alain Vizcay Osorio with a crime in the absence of probable cause.

136. Detective Kilmer made material misrepresentations and/or omissions to a Judge to obtain an arrest warrant for Alain Vizcay Osorio.

137. Detective Kilmer's misrepresentations to the Judge were made with intent a/or a reckless disregard for the truth and for Alain Vizcay Osorio's constitutional rights.

138. But for Detective Kilmer's intentional and/or reckless material misrepresentations, the Boone District Court would not have granted the arrest warrant for Alain Vizcay Osorio.

139. Based on those false charges, Alain Vizcay Osorio was arrested and incarcerated in the absence of probable cause.

140. Police arrested Alain Vizcay Osorio without his consent and against his will.

141. Pursuant to his unlawful arrest, Alain Vizcay Osorio experienced the threat of unwanted, unlawful, and unjustified touching at the hands of law enforcement officers.

142. Detective Kilmer directly and proximately caused Alain Vizcay Osorio's arrest by initiating charges and obtaining an arrest warrant, despite the absence of probable cause.

143. As a direct and proximate cause of Detective Kilmer's actions, Alain Vizcay Osorio suffered emotional distress and damages through his experiencing the threat of unwanted and unlawful touching at the hands of law enforcement officers.

## **COUNT VI: BATTERY**

144. Plaintiff incorporates by reference each of the foregoing allegations as if fully restated herein.

145. Under Kentucky law, battery is an intentional tort that involves the intentional and offensive touching of a person against their will.

146. Detective Kilmer charged Alain Vizcay Osorio with a crime in the absence of probable cause.

147. Detective Kilmer made material misrepresentations and/or omissions to a Judge to obtain an arrest warrant for Alain Vizcay Osorio.

148. Detective Kilmer's misrepresentations to the Judge were made with intent a/or a reckless disregard for the truth and for Alain Vizcay Osorio's constitutional rights.

149. But for Detective Kilmer's intentional and/or reckless material misrepresentations, the Boone District Court would not have granted the arrest warrant for Alain Vizcay Osorio.

150. Based on those false charges, Alain Vizcay Osorio was arrested and incarcerated in the absence of probable cause.

151. Police arrested Alain Vizcay Osorio without his consent and against his will.

152. Pursuant to his unlawful arrest, Alain Vizcay Osorio experienced the offensive and unwanted touching at the hands of law enforcement officers that was both unlawful and unjustified.

153. Detective Kilmer directly and proximately caused Alain Vizcay Osorio's arrest by initiating charges and obtaining an arrest warrant, despite the absence of probable cause.

154. As a direct and proximate cause of Detective Kilmer's actions, Alain Vizcay Osorio suffered emotional distress and damages through his experiencing unwanted and unlawful touching at the hands of law enforcement officers.

## COUNT VII: PUNITIVE DAMAGES

155. Plaintiff incorporates by reference each of the foregoing allegations as if fully restated herein.

156. Under Kentucky law, a plaintiff is entitled to punitive damages upon showing that the defendant acted with oppression, fraud, or malice. KRS 411.184(2).

157. "Oppression" means "conduct which is specifically intended by the defendant to subject the plaintiff to cruel and unjust hardship." KRS 411.184(1)(a).

158. "Malice" means "either conduct which is specifically intended by the defendant to cause tangible or intangible injury to the plaintiff or conduct that is carried out by the defendant both with a flagrant indifference to the rights of the plaintiff and with a subjective awareness that such conduct will result in human death or bodily harm." KRS 411.184(1)(c).

159. Detective Kilmer charged Alain Vizcay Osorio with a crime in the absence of probable cause.

160. Based on those false charges, Alain Vizcay Osorio was arrested and incarcerated in the absence of probable cause.

161. Detective Kilmer arrested and charged Alain Vizcay Osorio in exclusive reliance on AI facial recognition technology, in violation of Florence Police Department Policy and Kentucky law.

162. Detective Kilmer's investigation was limited to the use of this technology.

163. Detective Kilmer took no additional steps to establish probable cause for believing that Alain Vizcay Osorio committed the relevant crime.

164. Detective Kilmer took no additional steps to ascertain whether Yony Smith Npoles Charon and Alain Vizcay Osorio were the same person.

165. Detective Kilmer made material misrepresentations and/or omissions to a Judge to obtain an arrest warrant for Alain Vizcay Osorio.

166. Detective Kilmer's misrepresentations to the Judge were made with intent a/or a reckless disregard for the truth and for Alain Vizcay Osorio's constitutional rights.

167. But for Detective Kilmer's intentional and/or reckless material misrepresentations, the Boone District Court would not have granted the arrest warrant for Alain Vizcay Osorio.

168. Had Detective Kilmer conducted a proper investigation, it would have been clear that Yony Smith Npoles Charon and Alain Vizcay Osorio were not the same person.

169. Detective Kilmer knew Yony Smith Npoles Charon and Alain Vizcay Osorio were not the same person, and made material misrepresentations to a Judge with the intended purpose of causing harm to Alain Vizcay Osorio.

170. Had Detective Kilmer conducted a proper investigation, it would have been clear that Alain Vizcay Osorio was in Nebraska at the time the alleged crime took place in Boone County, Kentucky.

171. The actions and inactions of Detective Kilmer were performed with the intent to cause injury to Alain Vizcay Osorio.

172. The actions and inactions of Detective Kilmer were performed with the intent to subject Alain Vizcay Osorio to cruel and unjust hardship.

173. The actions and inactions of Detective Kilmer were performed with a flagrant indifference to the rights of Alain Vizcay Osorio secured by the Fourth and Fourteenth Amendments to the United States Constitution and Section 10 of the Kentucky Constitution.

174. The actions and inactions of Detective Kilmer were performed with a subjective awareness that such actions and inactions would result in Alain Vizcay Osorio suffering bodily harm.

175. The actions and inactions of Detective Kilmer were malicious and/or oppressive.

176. As a direct and proximate cause of Detective Kilmer's malicious and/or oppressive violations of Alain Vizcay Osorio's constitutional rights, Alain Vizcay Osorio has suffered injury.

177. As such, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands Judgment against Defendant as follows:

a. That Plaintiff be awarded compensatory damages against Defendant in an amount to be determined at trial;

b. That Plaintiff be awarded punitive damages against Defendant in an amount to be determined at trial;

c. That Plaintiff be awarded reasonable attorney's fees pursuant to 42 U.S.C. 1988;

d. For a Trial by Jury; and

e. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

*<u>/s/ Randy J. Blankenship</u>*
Randy J. Blankenship (KBA# 81924)
Ziegler & Schneider, P.S.C.
541 Buttermilk Pike, Suite 500
PO Box 175710
Crescent Springs, KY 41017
PH: (859) 426-1300
E: rblankenship@zslaw.com
*Attorney for Plaintiff*

THE LAW OFFICE OF MARVIN KNORR & ASSOCIATES,

By:
*<u>/s/ Marvin Knorr</u>*
Marvin Knorr (KY 96241) (OH 0104296)
7 West 7th St.
Covington, KY 41011
P. 859.992.6405
E. marvin@marvinknorrlaw.com

**NOTICE TO CLERK**

Service to be made by Certified Mail, returnable according to law, at the address set forth on page one (1) of this Complaint.